NO. 23-2232

# UNITED STATES COURT OF APPEALS

## FOR THE

## FOURTH CIRCUIT

DON GORDON, et al.,

*Plaintiffs – Appellees*

v.

SERGEANT WILLIAM C. HEATH,

*Defendant – Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GEORGE L. RUSSELL, JUDGE)

## REPLY BRIEF OF APPELLANT

Bruce L. Marcus
Sydney M. Patterson
MARCUSBONSIB, LLC
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
bmarcus@marcusbonsib.com
spatterson@marcusbonsib.com

*Counsel for Appellant*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

REPLY ARGUMENT ...........................................................................................1

I.    Appellees' conclusory allegation that Sergeant Heath excluded them from group texts and informal meetings is insufficient to establish a hostile work environment claim and defeat qualified immunity. ................................................3

    A. Appellees fail to establish specific unwelcome conduct by Sergeant Heath ...........................................................................................3

    B. Appellees fail to establish that any alleged conduct by Sergeant Heath was based on race. ...........................................................................5

    C. Appellees failed to establish any involvement by Sergeant Heath in the text message sent by Oros which forms the basis of the hostile work environment claim. ...............................................................................7

II.    Sergeant Heath's alleged exclusion of Appellees from group texts and meetings did not violate clearly established law. ...................................................8

CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ...............................................................9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................3

*Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007) ..............................................3

*Boyer-Liberto v. Fontainebleau Corp.*,
    786 F.3d 264 (4th Cir. 2015) ..............................................................2, 9

*EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306 (4th Cir. 2008) ....................................6

*General Building Contractors Ass'n, Inc. v. Pennsylvania*,
    458 U.S. 375 (1982)...............................................................................4

*Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) ........................................9

*Korb v. Lehman*, 919 F.2d 243 (4th Cir. 1990) ........................................................10

*Merchant v. Bauer*, 677 F.3d 656 (4th Cir. 2012) .....................................................8

*Mullenix v. Luna*, 57. U.S. 7 (2015)........................................................................10

*Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57 (1986).......................................9

*Smith v. First Union National Bank*, 202 F.3d 234 (4th Cir. 2002) ...........................6

*Spriggs v. Diamond Glass*, 242 F.3d 179 (4th Cir. 1984) .........................................9

*White v. Pauly*, 580 U.S. 73 (2017) ......................................................................8, 9

**Statutes**

42 U.S.C. § 1981 ................................................................................. 1, 4, 9, 10

42 U.S.C. § 1983 ....................................................................................................1

42 U.S.C. § 2000, *et seq*..........................................................................................1

ii

# REPLY ARGUMENT[1]

Appellees' arguments are insufficient to overcome Sergeant Heath's claim of qualified immunity for two critical reasons. First, Appellees have failed to demonstrate any racially discriminatory conduct by Sergeant Heath. Second, Appellees have failed to cite a single precedent that would demonstrate that Sergeant Heath's conduct violated Appellees' clearly established rights.

Overall, Appellees' brief does nothing more than recite the allegations in the Amended Complaint that the District Court dismissed as conclusory and insufficient to show that Appellees were treated differently on the basis of race. This finding resulted in the dismissal of Appellees' claims for racial discrimination under Title VII, 42 U.S.C. § 2000, *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. As to the claim for hostile work environment, the District Court noted that the claim "is based on the text message Oros sent to their work group chat . . . as well as general allegations that they were excluded from other text chains." JA39. The District Court concluded, however, that Gordon and Jones only alleged sufficient facts as to the text message from Oros to survive dismissal and thus "narrowly chartered the plausibility of their hostile work environment claim" based on this single alleged incident. JA40.

---

[1] All internal citations and quotation marks are omitted throughout unless otherwise stated.

Notwithstanding that the offensive text message sent by Oros was the only alleged fact that the District Court found sufficient to state a claim for hostile work environment, the Appellees' Brief does not allege any conduct by Sergeant Heath which relates to the sending of the offensive text. Therefore, with respect to Appellees' hostile work environment claim which is based solely on the offensive text message sent by Oros, Sergeant Heath is entitled to qualified immunity because *his own individual actions* did not violate Appellees' constitutional right not to be subjected to a racially discriminatory hostile work environment.

Although the Amended Complaint alleged that Sergeant Heath failed to properly supervise and discipline Oros, failed to report him through supervisory channels, and failed to initiate an investigation into Oros' text message, Appellees do not argue on appeal that this alleged conduct by Sergeant Heath was "based on Appellees' race" for purposes of their hostile work environment claim. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015).

Instead, Appellees' Brief argues that they established a hostile work environment claim against Sergeant Heath based solely on his conduct of excluding them from informal meetings and group texts. In so arguing, Appellees rely on the same allegations that the District Court found were conclusory and insufficient to state a plausible claim for racial discrimination under the well-established pleading

standards applicable to all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-56 (2007).

The District Court erred in finding that the conclusory allegations of disparate treatment which were insufficient to state a claim for racial discrimination against Sergeant Heath, were nevertheless sufficient to establish racially discriminatory conduct and overcome Sergeant Heath's assertion of qualified immunity as to the hostile work environment claim. Appellees' arguments on appeal—which rely entirely on the allegations the District Court deemed vague and conclusory—demonstrate the inconsistency and error in the lower court's denial of qualified immunity.

**I.**     **Appellees' conclusory allegation that Sergeant Heath excluded them from group texts and informal meetings is insufficient to establish a hostile work environment claim and defeat qualified immunity.**

In attempting to argue that they established a hostile work environment claim against Sergeant Heath, Appellees rely exclusively on their allegation that Sergeant Heath, through unspecified actions or inactions, excluded them from informal meetings and group texts, or participated in group texts and meetings from which Appellees were excluded.

**A. Appellees fail to establish specific unwelcome conduct by Sergeant Heath**

Although Appellees cannot amend or supplement the allegations in their Amended Complaint through briefing or arguments, Appellees make no attempt to

respond to Sergeant Heath's arguments that Appellees have failed to particularize facts to demonstrate how Appellees were excluded from group text messages and informal meetings. Appellees' brief provides no response or argument indicating whether Appellees contend they have established that they were actively and intentionally excluded by discrete acts of Sergeant Heath, or merely prevented from participating, or simply not extended an affirmative invitation. These supporting facts which are noticeably absent from the Amended Complaint are critical to an assessment of whether Sergeant Heath's alleged "exclusion" of Appellees is conduct sufficient to establish personal liability against Sergeant Heath under § 1981 which requires proof of intentional discrimination by Sergeant Heath. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

Appellees also fail to respond to or address Sergeant Heath's argument that Appellees have failed to allege any foundational facts demonstrating that Sergeant Heath was personally responsible for the alleged exclusion of Appellees or exercised control over the group text threads. These missing facts are necessary to a determination that the alleged exclusion of Appellees was actually *the conduct* of Sergeant Heath. Based on the allegations in the Amended Complaint that multiple group texts threads existed, it is reasonable to infer that each group text was comprised of different task force members. JA14. There would be no need for multiple group texts if all task force members were participants in each one. Thus,

Appellees' own allegations undermine the conclusory assertion that Sergeant Heath was a participant in or exercised control of all group texts recipients.

### B. Appellees fail to establish that any alleged conduct by Sergeant Heath was based on race.

Appellees' brief fails to address the District Court's conclusion that all allegations of conduct allegedly committed by Sergeant Heath were conclusory and insufficient to state a claim for racial discrimination. Slip Op. at JA 42 ("Gordon and Jones have not pleaded facts sufficient to show that Heath or Oros treated them differently than other similarly situated employees on the basis of race— indeed, they provide only sweeping, conclusory statements that other, unidentified task force members had similar training, skills, and experience and that those task force members received unspecified promotions or other employment opportunities.").

Appellees fail to address or explain how their vague and conclusory allegations which are insufficient to state a claim for racial discrimination can nevertheless defeat the assertion of qualified immunity as to their claim for hostile work environment based on racial discrimination. Instead, Appellees simply recite their conclusory allegations in the Amended Complaint which assert that Sergeant Heath excluded them from group texts and informal meetings based on their race. Appellees' repeated assertion that the informal meetings and group texts "included White task force members" is similarly lacking. The inclusion of some "White task force members" does not establish that Black task force members were *not included*

any more than it establishes that the inclusion or exclusion of any person was "motivated by [racial] animosity." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 314 (4th Cir. 2008).

In a complaint alleging racial discrimination, Appellees' silence regarding the other task members who were or were not included was clearly purposeful. Appellees intentionally chose not to allege that "all" or "only" White task force members were included, to the exclusion of all Black task force members.

The absence of these critical facts contributed to the trial court's determination that the allegations were lacking in sufficient factual detail and could not support a claim of racial discrimination. *See also* JA 37 (finding Apellees "do not allege specific facts regarding any similarly situated employees outside the protected class.").

Put simply, Appellees do not allege sufficient facts in the Amended Complaint to show that "but for" their race, they would not have faced the alleged discriminatory conduct. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 242 (4th Cir. 2002). Appellees' brief even fails to directly argue that Sergeant Heath intentionally discriminated against them. They offer no supporting allegations of fact and merely state that they were excluded from group text message threads that "included White task force members."

**C. Appellees failed to establish any involvement by Sergeant Heath in the text message sent by Oros which forms the basis of the hostile work environment claim.**

Appellees' brief ignores the fact that the district court sustained their hostile work environment claim on the basis of Oros' text alone. JA40 ("Gordon and Jones have alleged sufficient facts regarding the text message to survive dismissal."). The district court cautioned that the plausibility of the hostile work environment claim going forward would largely depend upon Oros' status as a supervisor or co-worker. *Id.* The district court made no mention of any conduct by Sergeant Heath.

Appellees brief does not argue that Sergeant Heath had an involvement with Oros' text. As the allegation that Oros sent an offensive text was the sole allegation stated with sufficient particularity to survive dismissal, Appellees cannot establish a hostile work environment claim against Sergeant Heath who is not alleged to have participated in any way in the sending of the text message.

Appellees failed to show that Sergeant Heath's alleged conduct met the requisite elements of a hostile work environment claim.

**II.      Sergeant Heath's alleged exclusion of Appellees from group texts and meetings did not violate clearly established law.**

Appellees failed to demonstrate that Sergeant Heath's conduct violated clearly established law at the time the conduct occurred.

Appellees have failed to cite a single precedent that would demonstrate that Sergeant Heath's conduct violated Appellees' clearly established rights. At best, Appellees allege Sergeant Heath was a recipient or participant in group texts that did not include Appellees and any other unknown number of task force members. Appellees identify no clearly established law "particularized" to these factual allegations. *White v. Pauly,* 580 U.S. 73, 79 (2017) (per curiam). Instead, Appellees define clearly established law at a "high level of generality" by citing cases that established, as a general matter, "that it is unlawful to create a hostile work environment based on race." *See id.* These cases stand for broad principles prohibiting unspecified conduct and have no bearing or relevance to the facts at issue here.

In order to defeat Sergeant Heath's assertion of qualified immunity, the "existing authority must be such that the unlawfulness of the conduct is manifest." *Merchant v. Bauer,* 677 F.3d 656, 665 (4th Cir. 2012). Appellees fail to clear this hurdle by arguing simply that it was clearly established at the time of Sergeant Heath's conduct that "treating Gordon and Jones differently and unequally based upon race and creating a hostile work environment constituted a statutory and/or a

constitutional violation." Appellee's Brief at 21. None of the cases cited by Appellees deal with the issue here regarding the exclusion from group texts or informal meetings. *See Boyer-Liberto*, 786 F.3d at 269-70 (hostile work environment case involving racial slurs coupled with physically intimidating conduct, including publicly berating the plaintiff so closely that he sprayed her with saliva and she could feel his breath on her face; and threatening "to get [her]" and "make [her] sorry."); *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57 (1986) (sexual harassment case not founded on allegations of exclusion from meetings and group texts); *Spriggs v. Diamond Glass*, 242 F.3d 179, 182 (4th Cir. 1984) (hostile work environment claim based on supervisor's incessant racial slurs, insults, and epithets, and retaliation against plaintiff for protesting his treatment); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004) (examining the statute of limitations applicable to petitioners' hostile work environment, wrongful termination, and related claims under the 1991 amendment to 42 U.S.C. § 1981 without substantive discussion of the merits of the claims).

Appellees cannot overcome the rule of qualified immunity simply by alleging a violation of extremely abstract rights at the highest level of generality. *White*, 580 U.S. at 79. Appellees have failed to identify a case placing "beyond debate" the unlawfulness of Sergeant Heath's alleged conduct. *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011). Appellees inability to cite a case particularized to the facts of this

case establishes that, at the very least, a "legitimate question" exists as to whether Sergeant's Heath's alleged conduct violated Appellees' rights. *Korb v. Lehman,* 919 F.2d 243, 247 (4th Cir. 1990). A review of the cases cited by Appellees would not have informed Sergeant Heath that his alleged exclusion or participation in text messages excluding Appellees would violate their rights.  Qualified immunity must attach where, as here, Sergeant Heath's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna,* 57. U.S. 7, 11 (2015).

## CONCLUSION

For the foregoing reasons, Sergeant Heath is entitled to qualified immunity. This Court should reverse the district court's decision denying Sergeant Heath's motion to dismiss as to the claim for hostile work environment under 42 U.S.C. § 1981.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Sydney M. Patterson*
Bruce L. Marcus (Bar No. 06341)
Sydney M. Patterson (Bar No. 19036)
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
Telephone: (301) 441-3000
bmarcus@marcusbonsib.com
spatterson@marcusbonsib.com

*Counsel for Appellant*
*Sergeant William Heath*

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No.  23-2232      **Caption:**  Don Gordon et al. v. Sergeant William C. Heath

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines.  Appellee's Opening/Response Brief  may not exceed 15,300 words or 1,500 lines.  A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type.  <u>See</u> Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words.  Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger.  A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓]      this brief or other document contains _____2,124_____ [*state number of*] words

[ ]      this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓]      this brief or other document has been prepared in a proportionally spaced typeface using
Microsoft Word_____      [*identify word processing program*] in
Times New Roman 14pt font_____      [*identify font size and type style*]; **or**

[ ]      this brief or other document has been prepared in a monospaced typeface using
_____      [*identify word processing program*] in
_____      [*identify font size and type style*].

(s)  Sydney M. Patterson_____

Party Name Sergeant William C. Heath_____

Dated: 05/07/24_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of May, 2024, a copy of Appellant's

Reply Brief was electronically filed and served via CM/ECF on all counsel of

record.

/s/ *Sydney M. Patterson*
Sydney M. Patterson